FILED
2017 Jul-24 PM 02:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**AFC FRANCHISING, LLC,**

**Plaintiff,**

**v.** **Case No.: 2:16-CV-1770-VEH**

**EARL S. REED and URGENT CARE OF MOUNT VERNON, LLC,**

**Defendants.**

---

**MEMORANDUM OPINION AND ORDER**

## I. Introduction and Procedural History.

This is a civil action filed by Plaintiff AFC Franchising, LLC ("AFCF") against Defendants Earl S. Reed ("Mr. Reed") and Urgent Care of Mount Vernon, LLC ("UCMV").

Defendant UCMV was served on November 14, 2016. (Doc. 7). On December 12, 2016, AFCF moved for entry of default against UCMV, and the Clerk entered default against UCMV that same day. (Docs. 11, 12). This case was reassigned to the undersigned on December 13, 2016. (Doc. 14). On February 8, 2017, AFCF filed a Motion for Default Judgment as to UCMV. (Doc. 21). On March 17, 2017, AFCF filed a Motion to set a hearing to determine the damages owed by UCMV ("Motion To Determine Damages"). (Doc. 26).

Mr. Reed was served on February 10, 2017. (Doc. 23). On March 17, 2017, AFCF moved for entry of default against Mr. Reed, and the Clerk entered default against Mr. Reed on March 20, 2017. (Docs. 25, 27).[1] AFCF has not filed a Motion for Default Judgment as to Mr. Reed.

## II. Subject Matter Jurisdiction.

For federal courts sitting in diversity, as is the case here, subject matter jurisdiction exists if the suit is between "citizens of different States" and "the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332.

AFCF's initial Complaint (doc. 1) failed to satisfy the Court's jurisdiction according to the standard enunciated by the Eleventh Circuit in *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020 (11th Cir. 2004). Specifically, that case held that, in order to establish diversity, if a limited liability company is a party, the names and states of citizenship of each member of the limited liability company must be listed. *Id.* at 1022; *see also Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013).

Accordingly, on May 10, 2017, the Court ordered AFCF to replead its

---

[1] The record reflects that the Clerk of Court has provided Mr. Reed and UCMV with the notice provided in Section II.B of the Court's "Plan for Pro Bono Counsel for Qualified Unrepresented Parties in Civil Cases." (*See* Doc. 28, Minute Entry dated 03/20/17).

complaint to establish the Court's subject matter jurisdiction over the action. (Doc. 29). On May 24, 2017, AFCF filed an Amended Complaint. (Doc. 31). However, the Court determined that AFCF's Amended Complaint also failed to satisfactorily establish that this suit is between "[c]itizens of different States" as of the time the lawsuit was filed. Specifically, AFCF had not met its burden of listing the names and states of every member of Defendant UCMV. Accordingly, the Court again ordered AFCF to show cause why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. (Doc. 32).

On July 18, 2017, AFCF responded to the Court's Order and moved to dismiss UCMV as a party defendant, stating that is has been unable to "discover any such additional evidence necessary to establish diversity jurisdiction." (Doc. 33 at 1). AFCF requests that this Court dismiss UCMV as a nominal party in order to retain jurisdiction over the case.

Courts must "disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Thermoset Corp. v. Bldg Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779, 1782, 64 L. Ed. 2d 435 (1980)). As the Eleventh Circuit has recently explained,

> [t]his Court has acknowledged "there is no bright-line rule" for

> distinguishing between real and nominal parties. *Payroll Mgmt., Inc. v. Lexington Ins. Co.*, 566 Fed. Appx. 796, 799 (11th Cir. 2014) (per curiam) (unpublished). In *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325 (5th Cir. 1970),[2] we defined "nominal or formal parties" as those that are "neither necessary nor indispensable" to the action. *Id.* at 327. We also said "[t]he ultimate test" for whether a defendant is nominal is "whether in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Id.* (quotation omitted and alteration adopted).

*Id.* (emphases added).

As AFCF points out, Mr. Reed is individually responsible for obligations and debts under the Franchise Agreement. *See, e.g.,* (Doc. 31-2 at 6) (demonstrating Mr. Reed is a party to the Franchise Agreement). AFCF therefore argues that (1) UCMV is not a necessary or indispensable party, and (2) AFCF would be prejudiced by the additional time and costs associated with potentially having to re-file their claims in federal or state court. (Doc. 33 at 2).

The Court agrees that dismissing UCMV as a party defendant would not be unfair or inequitable to Plaintiff. Accordingly, AFCF's Motion To Dismiss UCMV as a party defendant (doc. 33) is hereby **GRANTED**, and UCMV is hereby **DISMISSED** as a party defendant. The Motion for Default Judgment as to UCMV

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to 1981.

(doc. 21) and Motion To Determine Damages as to UCMV (doc. 26) are both hereby **TERMED** as **MOOT**.

## III. Service of Amended Complaint.

Though the Court is now satisfied that it has subject matter jurisdiction over this action between the two remaining parties, AFCF and Mr. Reed, the filing of the Amended Complaint nonetheless raises the issue of whether an amended pleading must be served on Mr. Reed in accordance with Rule 4 or Rule 5 of the Federal Rules of Civil Procedure.

Rule 5 governs the method of service of a "pleading filed after the original complaint," FED. R. CIV. P. 5(a)(1)(B). Pursuant to Rule 5(a)(2),

> [n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.

FED. R. CIV. P. 5(a)(2); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Rule 5(a) requires the complaint be personally served pursuant to Rule 4 once the amended complaint asserts a new or additional claim for relief.").

Based upon the representations of AFCF (doc. 30), as well as the Court's own independent comparison of the initial Complaint (doc. 1) and the Amended Complaint (doc. 31), the Court determines that the Amended Complaint asserts no

new claims for relief such that would require service under Rule 4. Accordingly, AFCF's Amended Complaint must be served in accordance with Rule 5, which permits service on an unrepresented party "by mailing it to the person's last known address–in which event service is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C).

The certificate of service of AFCF's Amended Complaint, however, fails to comply with Rule 5(b)(2)(C). AFCF stated that a copy of the Amended Complaint would be "sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt to the parties at the addresses listed below" (doc. 31 at 20), leaving the Court under the impression that Plaintiff has not properly served the amended pleading by mailing it to the defaulted defendant's last known addresses.

No later than **fourteen (14)** days from the date of this Order, AFCF must (1) serve the Amended Complaint, in accordance with Rule 5, on Mr. Reed by mailing it to his last known addresses, with service being complete upon mailing; and (2) certify to the Court that such service has taken place.

The Clerk is **DIRECTED** to send a copy of this Order to Mr. Reed at his last known address of record:

Earl Reed

2608 Stirrup Lane
Alexandra, VA 22308

**DONE** and **ORDERED** this the 24th day of July, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge