FILED
2018 Oct-02  AM 10:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| AFC FRANCHISING LLC, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | 2:16-cv-01770-ACA |
| | ] | |
| EARL S REED, JR., et al., | ] | |
| | ] | |
| Defendants. | ] | |

## MEMORANDUM OPINION

This matter comes before the court on Plaintiff AFC Franchising LLC's motion for default judgment. (Doc. 41). After the Clerk entered a default against Defendant Earl S. Reed, Jr. (doc. 27), AFC Franchising moved under Federal Rule of Civil Procedure 55(b) for a default judgment, seeking an award of $104,833.25. (Doc. 41 at 1). The court **WILL GRANT IN PART** and **DENY IN PART** the motion. Because AFC Franchising's well-pleaded allegations support its claim for breach of the agreement to pay royalties, the court finds that AFC Franchising has established that Mr. Reed is liable for breach of the agreement to pay royalties.[1] But AFC Franchising is not entitled to recover the amount it requested in its

---

[1] AFC Franchising also asserts claims of breach of the covenant not to compete, breach of the agreement not to divert customers, breach of the agreement not to cause harm to a protected mark or system, and breach of the agreement not to disclose or use confidential information. (Doc. 31 at 13–18). But AFC Franchising does not seek a default judgment on those claims.

motion for a default judgment because that amount exceeds the amount requested in the amended complaint. Accordingly, the court **WILL AWARD** AFC Franchising only $59,436.80 in damages. Finally, the court finds that AFC Franchising's request for attorneys' fees and costs in the amount of $35,348.24 is reasonable, and it **WILL GRANT** AFC Franchising's request for those fees and costs.

I. BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted)). Accordingly, the court takes as true the well-pleaded allegations of AFC Franchising's amended complaint. Those allegations establish that AFC Franchising is the franchisor of a system of urgent care centers that operate under the service mark AFC/DOCTORS EXPRESS. (Doc. 31 at 4). Mr. Reed is the managing owner of Urgent Care of Mt. Vernon, LLC, which managed an AFC/DOCTORS EXPRESS franchise in Virginia until September 10, 2016.[2] (*Id.* at 1, 10).

On May 1, 2009, Mr. Reed, acting in his individual capacity, executed a franchise agreement with Doctors Express Franchising that granted him the right to

---

[2] AFC Franchising initially named both Mr. Reed and Urgent Care of Mt. Vernon as defendants, but it has since dismissed the company and Mr. Reed is the only remaining defendant. (*See* Doc. 31 at 3; Doc. 34).

2

operate an urgent care facility using the DOCTORS EXPRESS (now AFC/DOCTORS EXPRESS) marks, system, and operations manual. (*Id.* at 5; Doc. 31-2 at 6–7; *see also* Doc. 31-2 at 56). The agreement provided that Mr. Reed would pay a weekly royalty fee of 6% of the business's gross sales from the preceding week. (Doc. 31-2 at 13, 51). Any late payments would bear a monthly 1.5% interest rate. (Doc. 31-2 at 14). Finally, Mr. Reed agreed to reimburse AFC Franchising "for all of the costs and expenses that [AFC Franchising] incur[s], including, without limitation, reasonable accounting, attorneys' and related fees" in relation to any future failure to pay amounts due. (Doc. 31-2 at 45).

Mr. Reed opened the franchise in late 2009. (Doc. 31 at 5). In 2012, the franchise agreement was assigned to DRX Urgent Care LLC, which then assigned the agreement to AFC Franchising. (Doc. 31 at 4–5; Doc. 31-3 at 2). On September 10, 2016, Mr. Reed notified AFC Franchising that he had closed the franchise. (Doc. 31 at 1; Doc. 31-1 at 2). At the time of the closure, he owed AFC Franchising $59,436.80. (Doc. 31 at 10; Doc. 31-1 at 2).

On September 14, 2016, AFC Franchising sent Mr. Reed a notice of termination of the franchise agreement. (Doc. 31-1 at 2). In the letter, AFC Franchising notified Mr. Reed that he and Urgent Care of Mt. Vernon owed

3

$59,436.80 and demanded payment in full. (*Id.*). Mr. Reed has not paid any part of the amount owed. (Doc. 41-4).

AFC Franchising filed its complaint in this action on October 28, 2016. (Doc. 1). The court granted it until March 27, 2017, to serve Mr. Reed, and AFC Franchising served him on February 10, 2017. (Docs. 18, 23). After Mr. Reed failed to plead or otherwise defend the action, AFC Franchising moved for an entry of default against Mr. Reed, which the Clerk entered. (Docs. 25, 27).

In May 2017, AFC Franchising filed an amended complaint, which it served on Mr. Reed in July 2017. (Docs. 31, 35). After Mr. Reed again failed to plead or otherwise defend the case, AFC Franchising moved for a default judgment against him. (Doc. 41).

## II. DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint state a claim for relief.

Fed. R. Civ. P. 55(b); *Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

Here, the Clerk has already entered Mr. Reed's default, so the court must determine whether the well-pleaded factual allegations support AFC Franchising's claim. Its motion for default judgment addresses only its claim for breach of the agreement to pay royalties. (*See* Doc. 41). Accordingly, the court will also address only that claim.

The franchising agreement provides that Maryland law will govern all claims arising out of the agreement. (Doc. 31-2 at 45). Under Maryland law, the elements of a breach of contract action include the existence of a contractual obligation, a material breach of the obligation, and damages. *Kumar v. Dhanda*, 17 A. 3d 744 (Md. Ct. Spec. App. 2011). AFC Franchising's allegations and the evidence establish the existence of the franchising agreement between AFC Franchising and Mr. Reed; a provision requiring Mr. Reed to pay royalties; and Mr. Reed's failure to pay those royalties. Accordingly, AFC Franchising has established liability on Mr. Reed's part.

Next, the court must address the amount of damages it will award. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The court may enter a default judgment

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

without a hearing only if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United States Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (citations omitted); *see also* Fed. R. Civ. P. 55(b)(1). Unlike a finding of liability, the court may award damages only if the record adequately reflects the basis for such an award through "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quotation marks omitted).

In the amended complaint, AFC Franchising alleged that Mr. Reed owed it $59,436.80 in unpaid royalties. (Doc. 31 at 2, 18). It did not seek to recover the 1.5% interest on late payments of the royalties. (*See generally* Doc. 31). But in its motion for a default judgment, AFC Franchising asserts that Mr. Reed owes it $67,780.87 in unpaid royalties and $1,704.14 in interest. (Doc. 41 at 1). In support of that assertion, it presents an affidavit from Christopher Rice, an Assistant Controller for AFC Franchising's parent company, who attests that AFC Franchising's "corporate records" show that as of September 10, 2016—the date of termination of the franchising agreement—Mr. Reed owed $67,780.87. (Doc. 41-4 at 2). He further attests that as of May 23, 2018, Mr. Reed owed $1,704.14 in interest. (*Id.* at 3).

The court cannot award AFC Franchising any more than it sought in its amended complaint. *See* Fed. R. Civ. P. 54. As a result, AFC Franchising's damages are limited to $59,436.80. The court finds that the record supports AFC Franchising's allegation that Mr. Reed owed that amount because AFC Franchising submitted a termination letter that it sent to Mr. Reed in September 2016, in which it informed him that as of September 10, 2016, he owed $59,436.80 in unpaid royalties. (Doc. 31-1). Accordingly, the court **WILL AWARD** AFC Franchising $59,436.80 in damages on its claim for breach of the agreement to pay royalties.

AFC Franchising also seeks $34,655.00 in attorneys' fees and $693.24 in costs. (Doc. 41 at 1). The franchising agreement provided that Mr. Reed would pay "all of the costs and expenses that [AFC Franchising] incur[s], including, without limitation, reasonable accounting, attorneys' and related fees" for Mr. Reed's failure to pay amounts due. (Doc. 31-2 at 45). Thus, the court finds it appropriate to award attorneys' fees and costs in this case.

In support of its request for attorneys' fees, AFC Franchising submits a declaration from its attorney, who attests that he did 131.8 hours of work on the case at rates of $200 and $250 per hour, and a paralegal did 30.8 hours of work at a rate of $125. (Doc. 41-5 at 7). Based on the expertise required in this case, the amount of royalties being collected, and the time expended, the court finds that attorneys' fees and costs requested in this case are reasonable. The court therefore

**WILL GRANT** AFC Franchising's request for attorneys' fees and costs against Mr. Reed in the amount of $35,348.24.

   III.   **CONCLUSION**

The court **WILL GRANT IN PART** and **DENY IN PART** AFC Franchising's motion for default judgment. (Doc. 41). The court **WILL GRANT** the motion as to Mr. Reed's liability on the claim that he breached the agreement to pay royalties, and **WILL ENTER DEFAULT JUDGMENT** in favor of AFC Franchising and against Mr. Reed in the following amounts: (1) $59,436.80 in unpaid royalties, (2) $35,348.24 in attorneys' fees and costs, and (3) post-judgment interest at the statutory rate in accordance with 28 U.S.C. § 1961. The court **WILL DENY** the motion for default judgment to the extent it seeks to recover unpaid royalties in an amount higher than asserted in the amended complaint. The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this October 2, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE